UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMI L. COFFMAN** | : | Case No. **1:08CV491** |
| 5993 Buckwheat Road | : | |
| Milford, Ohio 45150 | : | Judge **J. DLOTT** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **FORD MOTOR COMPANY** | : | **COMPLAINT WITH JURY** |
| 3000 Sharon Road | : | **DEMAND ENDORSED HEREON** |
| Sharonville, Ohio 45150 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Jami L. Coffman ("Plaintiff") is a citizen and resident of the state of Ohio.

2. Defendant Ford Motor Company ("Defendant") is a Delaware corporation doing business in Hamilton County, Ohio. Defendant is an employer within the meaning of federal and Ohio law.

## JURISDICTION AND VENUE

3. Plaintiff's Complaint arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et. seq. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States.

4. Venue is proper in this district and division because Plaintiff was employed in Hamilton County, Ohio.

## FACTUAL ALLEGATIONS

5. Plaintiff was hired by Defendant at its plant in Sharonville, Ohio on July 6, 1999 as a manufacturing technician in the assembly department.

6. Throughout her employment with Defendant, Plaintiff was a loyal and dedicated employee.

7. As a result of her good work performance, Plaintiff received annual pay raises. Her starting pay rate was approximately $15.00 per hour and her final pay rate was approximately $26.00 per hour.

8. In August 2001, Plaintiff became Quality Operation Systems Coordinator for the Ford/U.A.W. Joint Quality Team.

9. In October 2002, Plaintiff suffered a work related injury when she fell and injured her neck, spine and hip. After a short absence, Plaintiff returned to work.

10. Over the course of the next several years Plaintiff increasingly suffered from fatigue. Plaintiff also suffered headaches, blackouts and seizures.

11. Plaintiff consulted physicians regarding her symptoms and received treatment.

12. During the winter of 2005, Plaintiff's symptoms got worse and Plaintiff began missing work on occasion.

13. Each time Plaintiff missed work, she called in her absence and she presented to Defendant an excuse from her physician.

14. In the winter and spring of 2005, Plaintiff received written discipline for her absences.

15. Plaintiff asked if she could take FMLA leave for her medical condition and was told she could do so.

16. Plaintiff completed FMLA paperwork and, to her knowledge, was approved for FMLA leave on an intermittent basis.

17. Plaintiff was diagnosed with severe sleep apnea in June 2005.

18. Plaintiff advised Defendant of the diagnosis.

19. The Sharonville plant was shut down during the first part of July 2005.

20. Plaintiff, along with her coworkers, returned to work approximately mid July.

21. On July 25, 2005, Defendant terminated Plaintiff's employment due to absences covered by the FMLA.

## COUNT I

### (FMLA Retaliation - 29 U.S.C. §2601 et seq.)

22. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

23. Plaintiff required medical leave as a result of symptoms related to sleep apnea.

24. Defendant willfully terminated Plaintiff's employment in retaliation for her use of FMLA leave in violation of 29 U.S.C. § 2615(a)2.

25. As a result of Defendant's willful violation of FMLA, Plaintiff has suffered damages and is entitled to judgment.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to her position effective July 25, 2005;

(b) That Plaintiff be awarded all lost earnings and benefits;

(c) That Plaintiff be awarded compensatory damages, including emotional distress damages;

(d) That Plaintiff be awarded liquidated damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be awarded reasonable attorney fees;

(h) That Plaintiff be awarded reasonable litigation expenses and costs; and

(i) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

_____
Randolph H. Freking (0009158)
Jon B. Allison (0073955)
Trial Attorneys for Plaintiff
FREKING & BETZ LLC
525 Vine Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975/FAX: (513) 651-2570
randy@frekingandbetz.com
jallison@frekingandbetz.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

_____

4